■ STEVE BODLOVICH, Appellant, v. LOUIS CARUCCI et al., Doing Business as G. I. SHANTY CONSTRUCTION CO., Respondents, et al., Defendants. LOUIS CARUCCI et al., Doing Business as G. I. SHANTY, INC., Third-Party Plaintiffs-Appellants, v. AKRON WRECKING CORP. et al., Third-Party Defendants-Respondents.— Judgment, Supreme Court, New York County, entered on February 17, 1971, unanimously reversed, on the law, and vacated, and a new trial directed, with costs and disbursements to abide the event. The third-party complaint and the cross complaint of G. I. Shanty Construction Co. are reinstated since the questions of fact involved in that portion of the case have not been considered. Plaintiff and his witnesses testified to the occurrence of an accident in which plaintiff allegedly sustained certain injuries. The cause of the accident was alleged to be a defective step manufactured by defendant G. I. Shanty Construction Co. and supplied to the job premises on the morning of the accident. The plaintiff established a prima facie case on the issue of liability. The fact

that the court chose to disbelieve the plaintiff's witnesses did not warrant the dismissal. There was conflicting testimony but matters of credibility and the weight to be accorded the testimony are within the province of the jury. The action having been dismissed, plaintiff, on appellate review, is entitled to have the evidence considered in its most favorable aspect and it cannot now be said that upon no view of the evidence could negligence have possibly been found. Concur — Stevens, P. J., McGivern, Kupferman, McNally and Macken, JJ.